Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2088 | **DATE** | 9/23/2010 |
| **CASE TITLE** | Ellison vs. Sheriff of Cook County, et al. | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion for leave to file *in forma pauperis* [#12]. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $24.28 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. The Clerk is directed to issue summonses for Defendants Moreci, Lombardi, and Hovel. Cook County Sheriff Tom Dart and all other Defendants named in the body of Plaintiff's complaint are dismissed as Defendants. The Clerk is also directed to send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Plaintiff, who is an inmate at Stateville Correctional Center, has brought this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, Superintendent Moreci and Correctional Officers Lombardi and Hovel, used excessive force against him and were deliberately indifferent to a serious medical condition.

The Court grants Plaintiff's motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $24.28. The trust fund officer at Stateville Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The trust fund officer shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from to another correctional facility.

Under 28 U.S.C. § 1915A, the Court has conducted a threshold review of the amended complaint. Taking Plaintiff's allegations as true, he has stated viable claims against Defendants Lombardi and Hovel for excessive force and against Defendants Moreci, Lombardi and Hovel for deliberate indifference to a serious medical need.

Plaintiff has failed to state a claim, however, against Defendant Cook County Sheriff Dart. Plaintiff appears to sue Defendant Dart in his supervisory capacity. Plaintiff has alleged no facts suggesting Dart's personal involvement in the alleged violations or that the violations occurred at Dart's direction or with his knowledge and consent. *See, e.g., J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003). "[T]o be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Because Plaintiff has alleged nothing suggesting that Dart was personally involved in (or even aware of) the alleged violations of

| STATEMENT |
|---|

Plaintiff's rights, he has not stated a claim against Dart.

In addition, on June 23, 2010, the Court ordered Plaintiff to submit an amended complaint that satisfied the requirements of FED R. CIV. P. 8(a) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), which require a short and plain statement of the plaintiff's claims in a manner that puts the defendants on notice of what the plaintiff is claiming. Instead, Plaintiff has submitted an amended complaint similar to the original one. It contains a dense, rambling narrative that, in spite of its length, does not provide information to any other potential Defendants sufficient to put them on notice of what, if anything, Plaintiff is claiming against them. For this reason, the Court terminates all defendants other than Moreci, Lombardi, and Hovel.

The Clerk shall issue summonses for service of the complaint on Defendants Moreci, Lombardi, and Hovel (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The Court appoints the United States Marshals Service to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

The Court denies, without prejudice, Plaintiff's motion for appointment of counsel. Although Plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. The Court also notes that it gives *pro se* litigants wide latitude in the handling of their lawsuits. Should the case proceed to a point that it appears assistance of counsel is necessary, Plaintiff may renew his motion.