# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2088 | **DATE** | 2/14/2011 |
| **CASE TITLE** | Bennie Ellison (#R-00575) vs. Cook County Sheriff of Illinois | | |

**DOCKET ENTRY TEXT**

Plaintiff's motions [#35], [#36], [#38], [#45], [#46], and [#47] are denied. Plaintiff is additionally reminded not to submit evidence or exhibits to the Court unless they are attached to and in support of a motion seeking some form of relief.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

  Plaintiff has filed a number of motions, while simultaneously pursuing an interlocutory appeal. Filing a notice of appeal generally divests the district court of jurisdiction, but a district court may retain jurisdiction over the case if the appellant has filed a frivolous interlocutory appeal. *See Apostol v. Gallion*, 870 F.3d 1335, 1339 (7th Cir.1989); *see also Wisconsin Mut. Ins. Co. v. United States*, 441 F .3d 502, 504 (7th Cir.2006) ("appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision"). This practice allows district courts to "retain jurisdiction pending summary disposition of the appeal, and thereby minimize[ ] disruption of the ongoing proceedings." *Behrens v. Pelletier*, 516 U.S. 299, 310-11 (1996) (*citing Apostol*, 870 F.3d at 1339). In general, if "a notice of appeal from an interlocutory order is a frivolous effort to block the normal progress of litigation the district judge may so certify and continue with the case." *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir.1995). In this case, plaintiff has filed a plainly frivolous interlocutory appeal from a non-appealable order (the Court's order of November 19, 2010), and has, since that time, filed no fewer than six motions with this Court. The Court therefore rules on those motions to prevent disruption of the ongoing proceedings and to manage its docket effectively.

  Plaintiff seeks some form of habeas corpus relief pursuant to 28 U.S.C. § 2241 or § 2254. *See* docket no. 35. The Court denies the motion, The Court may not grant habeas corpus in an action under 42 U.S.C. § 1983. *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996).

  Plaintiff also seeks emergency action concerning receipt of his mail. *See* docket no. 36. The Court denies the motion. Though plaintiff claims that prison officials are tampering with his mail, the Court has received six recent motions in this case alone, which indicates that plaintiff's mail is being sent out appropriately. Nevertheless, the Court reminds prison officials that plaintiff is involved in litigation and that his mail relating to the case must be delivered within established procedures, in a timely fashion.

  Plaintiff also asks for an order of default against defendants pursuant to 28 U.S.C. § 2101(f) and to strike defendants' answers, seemingly based on the date they filed them. *See* docket nos. 38 & 46. The Court denies these motions. Section 2101(f) applies to actions before the United States Supreme Court, so it does not apply here. Further, most of the defendants filed timely answers, and the Court granted defendants Moreci and Cook additional time, so no defendant is in default.

  Plaintiff also seeks additional time in the law library and to make "legal calls" *See* docket entry 45. The

| STATEMENT |
|---|

Court denies this motion as well. It is appropriate to defer to the judgment of jail / prison officials in scheduling access to the law library and other legal assistance. The Court thus declines to require those officials to give plaintiff special access rights. That said, the Court requests that jail officials provide plaintiff reasonable access to the law library and other legal assistance.

    Finally, plaintiff has moved filed a motion for Court-ordered medical treatment at his present place of confinement, Stateville Correctional Center. *See* docket no. 47. The Court denies the motion. This case involves alleged constitutional violations while plaintiff was incarcerated at the Cook County Jail. He has not named any defendant from Stateville, nor could he do so in this case, based on the holding in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). Any claim concerning medical care at Stateville must be brought as a separate suit. *Id.*

    Plaintiff has also submitted exhibits to the Court [#56]. There is no need for him to do so at this time. In the future, plaintiff should refrain from submitting exhibits and evidence to the Court unless they are attached to, and in support of, motions seeking relief.