# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2088 | **DATE** | March 14, 2012 |
| **CASE TITLE** | Bennie Ellison (#R-00575) v. Cook County Sheriff, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff has submitted a motion for leave to appeal *in forma pauperis* [#114]. The Court construes the motion as Plaintiff's notice of appeal, and the Clerk is directed to treat the motion for leave to appeal i.f.p. as Plaintiff's notice of appeal, and to process it accordingly. The motion is denied. The Court certifies that the appeal is not taken in good faith and Plaintiff has "struck out" pursuant to 28 U.S.C. § 1915(g). Accordingly, the Court orders Plaintiff to pay the appellate fees of $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. The Clerk is directed to send a copy of this order to the PLRA Attorney, U.S. Court of Appeals for the Seventh Circuit.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

Plaintiff has filed a motion for leave to appeal *in forma pauperis* that the Court construes as a notice of appeal from the judgment entered on August 3, 2011. For the reasons stated in the August 3, 2011, order, the Court finds that this action does not raise a substantial issue meriting appellate review. As Plaintiff has raised none in his motion for leave to appeal *in forma pauperis*, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith and that no appeal should be taken. When a suit is found to be frivolous, an ensuing appeal generally cannot be "in good faith" under § 1915(a)(3). *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000).

Under the rules of the U.S. Court of Appeals for the Seventh Circuit Court, if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal *in forma pauperis* but rather must pay the appellate fees in full for the appeal to go forward. Consequently, Plaintiff must pay the full $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. *See Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). If Plaintiff wishes to contest this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within thirty days of service of this order. *See* Fed. R. App. P. 24(a)(5).

Additionally, At least three of Plaintiff's previous actions, all of which were filed while he was incarcerated or detained, have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Ellison v. U.S. Judicial Exec & Adm Operations of the Dist Court, et al.*, Case No. 11 C 1764 (N.D. Ill.) (March 22, 2011) (Manning, J.); *Ellison v.*
**(CONTINUED)**

                                                                          AWL

| STATEMENT (continued) |
|---|

*Manion, et al.*, Case No. 11 C 2600 (N.D. Ill.) (April 26, 2011) (Norgle, J.); *Ellison v. Joyce, et al.*, Case No. 11 C 2722 (N.D. Ill.) (May 23, 2011) (Gottschall, J.); and *Ellison v. IDOC*, Case No. 11 C 6296 (N.D.Ill.) (September 19, 2011) (Kennelly, J.)

  Plaintiff's current complaint does not allege that he is in imminent danger of serious physical injury. Accordingly, 28 U.S.C. §1915(g) prevents him from proceeding without the full prepayment of the $350 filing fee.

  In sum, Plaintiff's motion for leave to appeal *in forma pauperis* is denied. Plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within fourteen days of the date of this order. If Plaintiff fails to comply with this order, the Court of Appeals may dismiss his appeal. Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. Nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits *in forma pauperis*. The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.

  Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Payment should clearly identify Plaintiff's name, as well as the district court and appellate court case numbers assigned to this action.

  The Clerk is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.